MANUEL MENDÍA-MORALES, Plaintiff and Appellant, *v.* JUAN B. ARZUAGA ET AL., Defendants and Appellees.

No. 4141.  Argued June 23, 1927.—Decided July 28, 1927.

*O. B. Frazer, R. Castro Fernández* and *Tomás Bernardini* for the appellant. *J. Texidor* and *De la Torre & Ramírez* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Manuel Mendía brought an action in the District Court of San Juan against Juan B. Arzuaga, Miguel Mocoroa Arzuaga, Ceferino Arzuaga Peñagarícano, Eugenio Murúa Peñagarícano, José María Arzuaga Beraza, Juan José Arzuaga Beraza, Rosario Dabán de Arzuaga, Succession of Pedro J. Arzuaga Beraza, Enrique Adsuar, Sobrinos de Ezquiaga Inc. and Sobrinos de Ezquiaga Ltd., praying for an accounting, the appointment of receivers, the liquidation of partnership and an injunction, alleging that on December 30, 1916, Pedro J. Arzuaga and the plaintiff, as managing partners, and Eugenio Murúa and Ceferino Arzuaga, as silent partners, organized under the laws of Porto Rico the

partnership Sobrinos de Ezquiaga Ltd. as successor to another of the same name and for the period of five years; that at the expiration of that period the said partners organized another partnership under the same name and as its successor and continuator for a period of four years; that as managing partner Arzuaga died on April 18, 1922, or within the life of the partnership, it was reorganized under the same name and having as its managing partners the plaintiff, Juan B. Arzuaga and Miguel Mocoroa, and as silent partners Juan José Arzuaga, Eugenio Murúa, Ceferino Arzuaga and José María Arzuaga, for a period of time to expire on December 31, 1925; that at the termination of that period it was extended for six months, or until the 30th of June, 1926, under the same conditions and stipulations, the 20th clause thereof reading as follows:

"It is agreed among the parties that when the time comes for a dissolution of the partnership now constituted by reason of the expiration of time or for any other cause the assets and liabilities thereof as well as all of its business shall pass to any new partnership organized under the same name to be the continuation of and successor to the extinguished partnership, the definite purpose of such transfer being that the said partnership should not be finally liquidated except in case of absolute impossibility to continue its business by means of a successor; and in such case of final liquidation the unanimous vote of all of the partners both managing and silent shall be required."

It was alleged also that the partners of Sobrinos de Ezquiaga Ltd. have not agreed on the liquidation of the partnership as stipulated in that clause; that the partnership had and has a large business established in the representation of insurance companies, steamship companies, manufacturers of pipe and building materials, fertilizers, etc., with an invested capital of half a million dollars, one hundred and thirty thousand of which corresponds to the plaintiff; that on July 1, 1926, defendants Juan B. Arzuaga and Miguel Mocoroa refused to take any part in the management of the

business of Sobrinos de Ezquiaga Ltd., refused to acknowledge the acts of the other managing partner, the plaintiff, and attempted to appoint as liquidator defendant Enrique Adsuar in violation of the aforesaid clause 20 of the articles of partnership; that defendant Adsuar has sought to obstruct the plaintiff in his management of Sobrinos de Ezquiaga Ltd., has usurped the powers of manager and has announced to the public that he is the liquidating receiver, and has brought injunction proceedings against the plaintiff to restrain him from acting as manager; that among the assets of Sobrinos de Ezquiaga Ltd. are the name and good will, which have existed for more than a hundred years, and various agencies, all of which have a value of many thousands of dollars; that on July 1, 1926, defendants Juan B. Arzuaga, Miguel Mocoroa and José María Arzuaga organized the defendant corporation Sobrinos de Ezquiaga Inc. under the laws of Porto Rico, with its domicile at No. 17 Allen St., which is the domicile of Sobrinos de Ezquiaga Ltd., their purpose being to appropriate the name, good will and agencies of Sobrinos de Ezquiaga Ltd. in prejudice of the plaintiff.

Other allegations follow relative to fraudulent entries made in the books of Sobrinos de Ezquiaga Ltd. against the plaintiff, and the complaint goes on to say that owing to discord among the partners the business activity of Sobrinos de Ezquiaga Ltd. is at a standstill to the prejudice of its good will, and the situation is such that ''if continued without judicial intervention there is danger of the insolvency of that firm which is at present entirely solvent,'' and that ''the conservation and preservation of the assets of the said partnership requires the appointment of one or more receivers in order to continue the business, realize the assets including the name, good will and agencies, and liquidate the operations of the partnership;'' that the plaintiff has no means for checking the acts of the new Sobrinos de Ezquiaga, Inc., and that if the court, ''acting as a court of equity does

not restrain the said defendant corporation . . . . in the use of the name Sobrinos de Ezquiaga Inc. and its acts in soliciting the agencies and customers of the defendant partnership Sobrinos de Ezquiaga Ltd., said partnership and the plaintiff, as it managing partner, will, suffer irreparable injury.''

The following are some of the prayers of the complaint:

''(c) That a preliminary injunction *pendente lite,* and in due course a permanent injunction, be issued to restrain defendant Enrique Adsuar from acting as liquidator of Sobrinos de Ezquiaga Ltd., or from informing the customers of that partnership that he is such liquidator.

''(d) That likewise a preliminary injunction *pendente lite,* and in due course a permanent injunction, be issued restraining the defendant corporation Sobrinos de Ezquiaga Inc. and defendants Juan B. Arzuaga, Miguel Mocoroa and José María Arzuaga from using the name Sobrinos de Ezquiaga or any other name so similar as to create confusion, and from soliciting the businesses or agencies of said Sobrinos de Ezquiaga Ltd. in behalf of or as its successor.

''(e) That for the purpose of conserving and preserving the assets and business of the partnership Sobrinos de Ezquiaga Ltd. one or more receivers be appointed with authority to take possession of the assets of said partnership and to take charge of its business in order to keep the firm going until the liquidation and distribution of the remaining capital under the control of this Court.

''(g) That the plaintiff be granted furthermore any other adequate relief in the discretion of the Court.''

The defendants Sobrinos de Ezquiaga Inc., Juan B. Arzuaga, Miguel Mocoroa and José María Arzuaga appeared for the purpose of showing cause in connection with the appointment of receivers and the petition for a preliminary injunction and alleged that the complaint did not adduce sufficient facts; that there had been a misjoinder of parties defendant and of different actions; that the commercial partnership Sobrinos de Ezquiaga Ltd. was dissolved on June 30, 1926, and was brought into liquidation by a majority vote

of its partners on July 1, 1926; that Sobrinos de Ezquiaga Inc. is a corporation duly registered and entitled to the exclusive use of that name; that defendants Arzuaga and Mocoroa have refused since July 1, 1926, to do any acts as managers of the partnership Sobrinos de Ezquiaga Ltd. because that partnership had become extinguished; that Sobrinos de Ezquiaga Inc. does business without assuming the character of successor to Sobrinos de Ezquiaga Ltd.; that the good will of Sobrinos de Ezquiaga Ltd. remains in that partnership under liquidation; that Ceferino Arzuaga, Eugenio Murúa, Juan José Arzuaga and Rosario Dabán, residing in Spain, are interested in relation to the appointment of receivers; that a receiver should not be appointed, because the law has foreseen and provided for such a case the appointment of a liquidator, and that the plaintiff has been hindering the liquidation of Sobrinos de Ezquiaga Ltd. by opposing it and refusing his help to the appointed liquidator for the purpose of the liquidation, and that his petition for the appointment of a receiver is without equity.

Similar allegations were made by defendant Enrique Adsuar in his appearance to show cause in connection with the appointment of receivers and the preliminary injunction, and the issue being so joined, the aforesaid preliminary questions were submitted to the consideration of the court. Ample evidence was heard and finally on August 2, 1926, the court dismissed the petitions for injunction against Sobrinos de Ezquiaga Inc. and against Enrique Adsuar and "granted the petition for the appointment of receivers, but in the capacity of liquidators, with powers to manage only the common capital, to collect the credits of the partnership, to extinguish the obligations previously contracted as they fell due and to consummate the pending transactions until the final liquidation and division of the common capital in accordance with the provisions of the Code of Commerce."

The court directed that its order be notified to the parties for the submission of names, and that was done. The defendants Juan B. Arzuaga, José María Arzuaga and Miguel Mocoroa submitted to the order and proposed the name of Enrique Adsuar for appointment as receiver and liquidator. What the plaintiff did does not appear. The appellees state in their brief that he wrote the name of José María González on a piece of paper without signing it. On August 7, 1926, the court appointed José María González for the plaintiff and Enrique Adsuar for the defendants as liquidating receivers of Sobrinos de Ezquiaga Ltd. with the powers stated and those prescribed by the Code of Commerce. Both receivers accepted and took the oath of office and the court issued the corresponding letters of administration.

The plaintiff by this appeal seeks a review of the foregoing actions of the court.

All depends on the scope to be given to clause 20 of the partnership agreement of Sobrinos de Ezquiaga Ltd. transcribed in summarizing the allegations of the complaint.

In a long and well prepared brief the plaintiff contends that as there was not obtained, as is shown by the evidence, a unanimous vote of the partners of Sobrinos de Ezquiaga Ltd., the partnership could never have been put under final liquidation, which was what the majority of the partners did in their meeting of July 1, 1926, when they appointed defendant Adsuar as liquidator, and what was done practically by the court when it granted the petition of the plaintiff, not by appointing receivers to carry on the business of the partnership in order to pass it on to a new partnership to be constituted for that purpose, but by appointing liquidating receivers to act in harmony with the provisions of the Code of Commerce. It is contended by the appellant that the law applicable is the Code of Civil Procedure and not the Code of Commerce. He maintains the theory that notwithstand-

ing the expiration of the time for which it was constituted, the partnership of Sobrinos de Ezquiaga Ltd. is not in liquidation and can not be put in liquidation except by the unanimous vote of its partners, and as this has not been obtained, it still exists in all of its vigor.

There is no doubt that the last part of clause 20 lends itself to different constructions, but the one given it by the plaintiff is so exaggerated that it might result, as it does in the present case, impossible of compliance.

The history of the partnership shows that the fundamental idea of its partners for more than a century was to keep it always going, under the same name, doing the same line of business, and thus enjoying the credit naturally inspired by an institution that has been able to resist all the crises and always go forward stronger; but that same history shows that the different articles of partnership fixed a limitation to the partnership contract and were construed in the sense of taking action for the continuation or transmission of the business to a new partnership within the respective terms.

The last partnership period expired in December, 1925. It seems that there were disagreements among the partners and an extension of six months was decided upon. The evidence shows that not only were efforts made to solve the problem privately among the partners, but an appeal was made to two well reputed merchants of San Juan, Albert E. Lee and José María del Valle, who were asked to settle the disagreement, the former acting in behalf of the plaintiff and the latter in behalf of the other partners. The reports made by them speak of their persistent efforts, of the measures submitted by them with insistence, among which was an extension of the partnership contract, the constitution of a new partnership, or the purchase by some of the partners of the rights of the others; but no agreement could by any means be reached. The differences between the plaintiff on the one hand and the other partners on the other

were indeed deep and irreconcilable. For instance, Mendía maintains that his whole capital of $130,000 is in the partnership, and the other partners contend that the private account of Mendía shows a debit of $180,000. Mendía then charges fraud in the entries in the books.

Under these circumstances it was impossible to continue the partnership. Clause 20 begins by stipulating "that when the time comes for a dissolution of the partnership now constituted by reason of the expiration of its term," and then sets the course to be followed, revealing the fundamental idea of permanence to which we have referred. But contracts with clauses of impossible performance are not valid. The clause in question here can be complied with fully when there is harmony or when the discord, if any existed, could have been settled in time; but when the facts are really such as to prevent a unanimous agreement, the acknowledging in one partner of the power of forcing the partnership to continue, notwithstanding the expiration of the limitation, and carry on its business until he succeeds in imposing his will on the majority of the partners, would be contrary to human nature and would convert that clause into something of impossible performance and therefore void.

We fully agree with the plaintiff and appellant that the contract is the supreme law among the parties to it and that the acts of the partners of Sobrinos de Ezquiaga Ltd. should conform to what they agreed upon among themselves. It is so acknowledged by the Code of Commerce. But we maintain that when there arises an unforeseen situation or so regulated that it can not be solved by applying the terms of the partnership agreement, then recourse should be had to the law, to general principles of law and equity, to the precedents or to local customs. This is specially so in a case like the present involving a partnership contract which must conform to the provisions of law applicable thereto. Sobrinos de Ezquiaga Ltd. was constituted as a limited commercial

partnership under the laws of Porto Rico and these laws contain all the precepts required for the solution of the conflict which arose among its members.

It is expressly provided in section 221 of the Code of Commerce that associations of any kind shall be completely dissolved, among other reasons, by "the termination of the period fixed in the articles of association." Here the period fixed expired; therefore, the partnership as such, as a going concern, was for this very reason totally dissolved.

In compliance with the letter and the spirit of the contract it was sought to organize another partnership to take over the business, but what was obtained in the past has not been obtained at present. An irreconcilable conflict arose among the members. What could be done? What the plaintiff did, that is, resort to court for a settlement in accordance with the law.

Was it settled? The appellant maintains that it was not because the decision rendered carries with it the liquidation of the partnership and this could be done only by a unanimous vote of its partners, and no such vote has been obtained.

We have seen that the construction given by the plaintiff to the clause on which he bases all of his contention can not be adopted. Such being the case, the court acted very properly in denying the petition in the manner in which it was made. A liquidation is to such an extent the only proper solution that the plaintiff himself finally asked for it and not by a unanimous vote of the partners, but by a decision of the receiver to be appointed by the court.

The appellant insists that the court had authority only to grant or refuse the prayer of the complaint, in the very terms in which the prayer had been worded. However, the plaintiff, according to the express statements of his complaint, went to a court of equity and submitted himself to its equity, stating that if it did not intervene the partnership would be ruined, and, finally, prayed for any other relief

that in its discretion it might deem proper, and the measure taken by the court in appointing two liquidators safeguards all rights and complies with the provisions of the Code of Commerce applicable thereto. It must not be overlooked that the other partners who constitute the majority and who perhaps might have stuck steadfastly to the position taken by them of bringing the partnership under liquidation themselves and appointing an outsider as liquidator, since there was disagreement among the partners, finally acquiesced in the decision of the court directing the appointment of two liquidating receivers whose names had to be submitted, one by each party.

Let us consider now whether or not the injunctions prayed for should be granted.

The injunction petitioned for against defendant Enrique Adsuar as liquidator appointed primarily by a majority of the partners is now of no importance because that position ceased to exist for the future as soon as the defendants submitted to the order of the court of August 2, 1926. The same person is involved. Adsuar took the oath of the new office and it is by virtue thereof that he is now acting. There is something that was not properly made clear in connection with a certain suit brought by Adsuar, but the defendants themselves contend that everything that Adsuar is doing is by virtue of the new appointment. In view of all the circumstances, we think it is unnecessary to insist now on this point and that the court was justified in denying the injunction at the time it issued its order. Perhaps never, as we have already hinted that perhaps he could have been legally appointed liquidator by the majority of the partners in accordance with the provisions of the Code of Commerce contained in section XIII of title I of book II referring to the expiration and liquidation of commercial associations.

We hold a different opinion as to the injunction petitioned for against Sobrinos de Ezquiaga Inc.

We have not at our disposal the time necessary to relate the facts as extensively as we desire and to analyze the conclusions from the evidence. Suffice it to say that there is such similarity in the names and the concurring circumstances of place, time and persons tend in such manner to turn the similarity into identity, that the propriety of the relief sought becomes evident. What defendant Sobrinos de Ezquiaga Inc. practically has done is to carry out the idea of permanence of clause 20, profiting by the name and reputation of the old partnership whose value can not even be doubted, disregarding the rights of one of the partners, the plaintiff, to his manifest prejudice, which, if the situation should be prolonged, could hardly be justly compensated because it would have been very difficult afterwards to appraise the consideration to be obtained in the market by the sale by the liquidators at the right time of the name and good will of Sobrinos de Ezquiaga Ltd. Such practice on the part of Sobrinos de Ezquiaga Inc. can not be tolerated. Plaintiff Mendía is entitled to the protection of the court and the writ of preliminary injunction solicited by him should be issued without delay.

It seems well to quote in support of the opinion held here section 7 of the Act relative to Private Corporations of March 9, 1911, Comp. 1911, sec. 413, which in its pertinent part reads as follows:

"Sec. 7. The articles of incorporation. . . They shall set forth:

"1. The name of the corporation; but no name shall be assumed already in use by any other corporation, or so nearly similar thereto as to lead to confusion or uncertainty. . ."

Ruling Case Law condenses some of the abundant jurisprudence on the matter in part as follows:

"Although a corporate name is in some cases spoken of as a trademark yet it seems that it may more properly be regarded as in the nature thereof. In choosing its name it is a general rule that, in the absence of statutory provisions regulating the subject, a corporation acts at its peril. Although it may be legally created,

it can no more use its corporate name in violation of the rights of others than an individual can use his name, legally acquired, so as to mislead the public and to injure another. In general it may also be stated that a corporation must not by any artifice deceive the public so that its goods may be sold for those of a person or corporation having a similar trade name. And, irrespective of any intent to mislead the public, it may be enjoined from using a name so similar to the name of a previously established corporation, association, partnership, or individual engaged in the same line of business, that confusion or injury results therefrom. And the fact that the name was acquired from the state will not defeat a right to injunctive relief where the elements essential to such relief are found to exist. Furthermore the intent may be deduced in many cases from the similarity of the name selected to that of the name of another corporation." 26 R.C.L. 887–88.

And lastly, High on Injunctions says:

"The right to use the firm name may be regarded as one of the partnership assets, and if upon a dissolution one member of the firm purchases the entire business, the name is regarded as passing with the other assets, and the retiring partner may be restrained from its use. And a surviving partner, having the right to use the firm name of the partnership, may if he has not abandoned the right, restrain the executor of the deceased partner from using the name for his own benefit. Indeed, the good will and firm name of a partnership constitute so important a part of the firm assets as to be entitled to the protection of equity by injunction. And the appropriation by one partner of a firm name so closely imitating that of the original firm may be enjoined. And the defendant may, in such case, be enjoined from the use of his own name in such manner as to mislead the public and injure the good will of the firm; and this may be done, nothwithstanding the bankruptcy of the firm and the appointment of a receiver, since it is necessary to preserve the good will and name as parts of the firm assets." 2 High on Injunctions, 1049.

By virtue of the foregoing the order appealed from must be set aside in so far as it denied the injunction *pendente lite* against Sobrinos de Ezquiaga Inc., and the injunction is hereby ordered to be issued as requested, that is, enjoining the said corporation and defendants Juan B. Arzuaga, Miguel

Mocoroa and José María Arzuaga from further using the said name or any other name so similar as to create confusion, and enjoining them also from soliciting the agencies and business of Sobrinos de Ezquiaga Ltd. as if they were the representatives of or successors thereto. As to the other pronouncements the order appealed from must be affirmed.